DAVID RANDALL SAFER,              )
                                  )
     Petitioner/Appellee,         )     Appeal No.
                                  )     01-A-01-9601-CH-00018
v.                                )
                                  )
MICKI JO (O'FIEL) SAFER,          )     Sumner Chancery
                                  )     No. 93D-214
     Respondent/Appellant.        )

FILED

August 2, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR SUMNER COUNTY

AT GALLATIN, TENNESSEE

THE HONORABLE TOM E. GRAY, CHANCELLOR

MICHAEL W. EDWARDS
177 East Main Street
Hendersonville, Tennessee  37075
     ATTORNEY FOR Petitioner/APPELLEE


DEBRAH K. TORMES
105 Hazel Path Mansion
Hendersonville, Tennessee  37075
     ATTORNEYS FOR Respondent/APPELLANT

REVERSED AND REMANDED

SAMUEL L. LEWIS, JUDGE

# O P I N I O N

Petitioner, David Randall Safer, and respondent, Micki Jo O'Fiel Safer, divorced in January 1994 after eleven years of marriage. The court granted respondent the divorce on the ground of irreconcilable differences. The parties had entered into a Marital Dissolution Agreement ("MDA") which the Final Decree of Divorce incorporated. The MDA provided that petitioner and respondent would have joint custody of their two minor children, Joseph ("Tyler") age five and Samuel age two, and that the primary placement of the children would be with respondent.

In December 1994, petitioner filed a "Petition for Change of Custody" in the Chancery Court for Sumner County. The petitioner ask the court to change the primary placement of the children from respondent to petitioner and to award petitioner reasonable child support and attorney's fees. To justify his request, petitioner alleged there had been a substantial change of circumstances. Specifically, he claimed that Tyler had missed five days of school for unexcused absences in 1994.

On 14 December 1994, the court entered a show cause order. Respondent contended that any school absences prior to the divorce were not relevant to the show cause hearing or the determination of a material change of circumstances. On 24 January 1995, the court held a hearing on the show cause order. The court found, in material part, as follows:

(1) The Court finds that the number of days the **FATHER** had possession of the children would not be used as a basis for a material change of circumstances when a cooperative custodial parent allows additional contact.

(2) The Court further finds that the episode on December 5, 1994, when the six (6) year old child was left alone after school appears to have been the only episode where this happened and that standing alone would not be sufficient as material

2

change of circumstances in order to warrant a change of custody.

(3) The Court does find that the absences and tardinesses in school while the child was in the primary placement of the **MOTHER** does rise to the level of a material and substantial change of circumstances inasmuch as twenty-one (21) days of absences in the 1993-1994 school year and seven (7) absences and ten (10) tardinesses so far in the 1994-1995 school year is excessive.

Based on these findings, the court awarded temporary primary placement of the two minor children to petitioner. The court held another hearing on 16 August 1995. At that time, the court restated its earlier conclusions and ordered petitioner to provide the children with health insurance. On 11 September 1995, the court entered an amended order requiring respondent to pay petitioner child support of $552.00 per month.

The only issue on appeal is whether "the trial court erred in finding that there had been a substantial and material change of circumstances since the granting of the final decree of divorce when the undisputed evidence at the final hearing established a decrease in Tyler's absences and tardiness since the granting of the final decree of divorce."

The uncontradicted testimony in the record reveals that Tyler's attendance actually improved after the parties divorced and the court placed the children with respondent. Prior to the divorce, petitioner had full access to Tyler's reports and records. During this time, Tyler was absent ten times and was tardy five times. After the divorce while the children were in the primary placement of respondent, Tyler was absent eight times and was tardy five times.

The principal of Tyler's school testified that during the 1994/1995 school year when respondent had primary placement, Tyler made straight A's. As to his attendance, the principal testified

3

that a student does not jeopardize his passing until he or she misses thirty or more days. The principal also testified that it is not the policy of the elementary school to fail a child because of a certain number of absences.

The 1993/1994 Tennessee Kindergarten Skills Checklist shows that Tyler did not experience difficulty with his school work after the final decree of divorce. Moreover, Tyler's report card for the 1994/1995 school year does not show an improvement after the court placed Tyler with petitioner. In fact, Tyler received his only minuses during that time. The trial court acknowledged that these minuses occurred in the later part of the second semester when petitioner had primary placement.

This court reviews a trial court's finding of fact "'de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise.'" *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984)(quoting Tenn. R. App. P. 13(d)). When a court enters a decree awarding custody of children, the "decree is Res adjudicata and is conclusive in a subsequent application to change custody unless some new fact has occurred which has altered the circumstances in a material way to make the welfare of the children require a change of custody. *Long v. Long,* 488 S.W.2d 729, 731-32 (Tenn. App. 1972); *see also* Tenn. Code Ann. § 36-6-101(a)(Supp. 1995). When passing on child custody modifications, the court must not only find a substantial and material change in circumstances since the original custody decree, but it must also find "a material change in circumstances that is compelling enough to warrant the dramatic remedy of changed custody." *Mussleman v. Acuff*, 826 S.W.2d 920, 922 (Tenn. App. 1991). In this case, the evidence preponderates against a finding that there was a

4

substantial and material change of circumstances after the divorce based on Tyler's school attendance record.

Finally, there is a second reason why the trial court should not have ruled in petitioner's favor. The undisputed evidence is that petitioner knew of Tyler's absences and tardiness prior to the divorce, prior to entering into the child custody agreement, and prior to the entry of the final decree finding respondent a fit and proper person to have primary placement. Where a party has knowledge of material facts prior to the entry of a divorce decree, the party may not complain later if the party remained silent while the case was still within the bosom of the court. *Long*, 488 S.W.2d at 732. As to the present case, petitioner cannot contend now that Tyler's attendance record constitutes a change in circumstances given that he knew of Tyler's poor record prior to the divorce and remained silent. *Long,* 488 S.W.2d at 732.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for further necessary proceedings. The costs on appeal are taxed to the petitioner/appellee, David Randall Safer.

_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE

5