IN THE MATTER OF THE ESTATE OF Janet Louise
McLAUGHLIN

91-225                                                              815 S.W.2d 937

Supreme Court of Arkansas
Opinion delivered September 23, 1991

*Gary Eubanks & Associates* by: *James Gerard Schulze*, for appellee.

*George D. Ellis* and *Steven W. Quattlebaum*, for appellee.

PER CURIAM. Janet Louise McLaughlin died intestate on September 26, 1990, in an automobile accident. Her son, Justin Cardin, was injured in the same accident. She was survived by her husband, Greg McLaughlin; her injured son, Justin Cardin; her parents, Billy and Charlene Williams; and her brother and sisters.

On October 8, 1990, Billy and Charlene Williams filed a petition to be appointed guardians of the person and estate of their injured grandson, Justin Cardin. They were subsequently

appointed guardians.

On October 11, 1990, in a separate probate proceeding, Greg McLaughlin was appointed administrator of the Estate of Janet Louise McLaughlin.

On May 28, 1991, Billy and Charlene Williams filed a pleading in the probate proceeding in which Greg McLaughlin had been appointed administrator of the Estate of Janet Louise McLaughlin. They labeled the pleading a "Petition for Right of Intervention to Protect Interest of Justin Cardin." In it, they sought to be appointed special administrators of the Estate of Janet Louise McLaughlin. Underlying these pleadings is a dispute over whether Greg McLaughlin's attorneys or Billy and Charlene Williams' attorneys will represent Justin in his case against the third party tortfeasor. The trial court denied the petition for appointment of a special administrator. Billy and Charlene Williams seek to appeal. We dismiss the appeal.

Ark. Code Ann. § 28-1-116(b) (1987) provides:

(b) Orders Which Are Not Appealable. There shall be no appeal from an order removing a fiduciary for failure to give a new bond or to render an account as required by the court, nor from an order appointing a special administer.

Ark. Code Ann. § 28-48-103(f) (1987) provides:

(f) The order appointing a special administrator shall not be appealable.

The Williamses contend that the cited statutes prohibit the appeal of the appointment of a special administrator but do not prohibit the appeal of an order denying the same. We do not think the legislature intended the statutes to be so interpreted.

Our statutory interpretation is guided, in part, by decisions from other states which have similar statutory language.

In *Graham* v. *Gipson*, (In re Gibson's Estate), 64 Ariz. 181, 167 P.2d 383 (1946), the Arizona Supreme Court, in interpreting a statute almost identical to those cited above, held:

The order [refusing to appoint a special administrator], is not an appealable order under our statutes. There is no provision in [the Arizona Probate Code] providing for

an appeal, either from the appointment or the refusal to appoint a special administrator. In fact, no appeal may be taken from an order appointing a special administrator. *We hold that the converse of this statutory rule is also the law, and that there is no appeal from an order refusing to appoint a special administrator.* (Emphasis added.)

167 P.2d at 384.

The Montana Supreme Court reached the same conclusion in *McCabe* v. *District Court*, 106 Mon. 272, 76 P.2d 634 (1938). In that case, the court, citing a state statute which provided that no appeal must be allowed from the appointment of a special administrator, held that there was no appeal from an order refusing to appoint a special administrator. *Id.* at 638.

Accordingly, we dismiss the appeal.