John S. HARWOOD *v.* Pamela MONROE,
Special Administratrix of the Estate of George Wood, Deceased

CA 98-159                                              984 S.W.2d 93

Court of Appeals of Arkansas
Division IV
Opinion delivered January 27, 1999

*Jim D. Rankin, Jr.,* and *Mark S. Cambiano,* for appellant.

*Martin, Darrow, O'Bryan & Darrow,* by: *Roland E. Darrow II,* for appellee.

JOHN F. STROUD, JR., Judge. John S. Harwood appeals his removal as special administrator in a case before the Faulkner County Probate Court. We dismiss the appeal.

This case involves the estate of George Wood, who was electrocuted in March 1997 while clearing brush from a downed power line in the aftermath of a tornado. He died intestate, survived by his estranged wife, his minor daughter from a previous marriage, several brothers and sisters, and his mother. The estate's primary asset was an anticipated wrongful-death action against persons and corporations responsible for the death.

The probate court appointed the decedent's estranged wife, Ruth Carolyn Wood, as administratrix of the estate. Michael D. Wood, a brother of the decedent, petitioned the court to set aside the appointment of Ms. Wood and to substitute himself as the estate's personal representative. He also asked the court to find the appointed administratrix unsuitable to serve. In May 1997 the probate court denied the petition to remove the administratrix, but it noted the limited education and business experience she had as well as the considerable friction between her and other statutory beneficiaries of a wrongful-death action. Upon its own motion the court appointed Mr. Harwood, who is a certified public accountant, as special administrator of the estate for the limited purpose of pursuing any wrongful-death claim on behalf of statutory beneficiaries.

Decedent's heirs and interested parties jointly petitioned the court to remove Mr. Harwood as special administrator, stating that it would be in the best interests of all concerned if Pamela Monroe, the mother of decedent's daughter, were to serve as special administratrix for the purposes of pursuing the wrongful-death claim. In June 1997 the court granted the petition, removing Mr. Harwood as special administrator, setting aside the orders approving his employment of attorneys to pursue a wrongful-death claim and other matters related to the estate, and appointing Ms. Monroe as special administratrix.

Mr. Harwood filed a motion for the court to reconsider his removal as special administrator on the grounds that there had been no determination finding him unsuitable and that his removal had been made without a hearing and without notice to him. After conducting a hearing, the court denied the motion. On appeal, Mr. Harwood contends that the probate court erred in removing him as special administrator of the estate without cause or a finding of unsuitability. We dismiss the appeal for the reasons set forth below.

■ Although appeal of an order of the probate court is allowed under Arkansas Code Annotated section 28-1-116(a) (1987), subsection (b) states that there shall be no appeal from an order appointing a special administrator. This prohibition is repeated under the code section governing special administrators: Arkansas Code Annotated section 28-48-103(f) states, "The order appointing a special administrator shall not be appealable."

■ The converse of these statutes is also the law by virtue of court decisions: there can be no appeal from an order refusing to appoint a special administrator. *In Re Estate of McLaughlin*, 306 Ark. 515, 815 S.W.2d 937 (1991) (citing *In re Gibson's Estate*, 64 Ariz. 181, 167 P.2d 383 (1946), and *McCabe v. District Court*, 106 Mont. 272, 76 P.2d 634 (1938)). In *McLaughlin*, the supreme court dismissed an appeal by parties in a probate proceeding whose petition to be appointed special administrators had been denied by the trial court.

■ In *Pickens v. Black*, 316 Ark. 499, 872 S.W.2d 405 (1994), the supreme court considered an appeal where the trial court refused to remove the executor and held that "[t]he denial or granting of a petition to remove an executor or administrator, *other than a special administrator*, is an appealable order." (Emphasis added.) In *Guess v. Going*, 62 Ark. App. 19, 966 S.W.2d 930 (1998), this court considered an appeal from the denial of a petition to replace an executrix and quoted the language from *Pickens*. The reference to a person "other than a special administrator" is dictum in both *Pickens* and *Guess*. However, we think the dictum has a sound basis in our statutory and case law; therefore, we now

hold that an order granting a petition to remove a special adminis-
trator is not an appealable order.

Accordingly, we dismiss the appeal.

JENNINGS and GRIFFEN, JJ., agree.