IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

**FILED**

**January 27, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

E1999-01326-COA-R3-CV

| | |
|---|---|
| SHARON DENISE RAY, | ) C/A NO. 03A01-9906-CV-00230 |
| | ) |
| Plaintiff-Appellee, | ) BRADLEY CIRCUIT |
| | ) |
| vs. | ) HON. LAWRENCE H. PUCKETT, |
| | ) JUDGE |
| JOHN ALAN RAY, | ) |
| | ) AFFIRMED AS MODIFIED, |
| Defendant-Appellant. | ) AND REMANDED |

JIMMY W. BILBO, LOGAN, THOMPSON, MILLER, BILBO, THOMPSON & FISHER, P.C., Cleveland, for Plaintiff-Appellee.

RANDY SELLERS, Cleveland, for Defendant-Appellant.

**O P I N I O N**

Franks, J.

In this divorce action, both parties have appealed raising issues of classification of property and whether the marital property was equitably distributed.

The parties were married in 1991, and during the marriage acquired a duplex. A lot on Lakeview drive was given by the husband's sister and was titled in the names of the husband and wife. The parties also acquired various household items, several vehicles, the husband's 401(k) account, accounts at the Tennessee Valley Credit Union and First Citizens Bank, and cash in the amount of $7,000.00.

In the Final Decree, the Trial court held that $3,000.00 given by the father as a downpayment on the duplex and the Lakeview lot valued at $4,000.00 were the husband's separate property, and then essentially divided the additional property equally.

Our review of the Trial Court's determination is *de novo* upon the record, with a presumption of correctness of the Trial Court's finding of fact, T.R.A.P. Rule 13(d). *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984). Trial courts have

wide discretion in the manner in which marital property is divided, and their decision is given great weight on appeal. *Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994).

Before dividing the marital estate, the trial court must classify the parties' property as either marital or separate property. *Dunlap v. Dunlap*, 996 S.W.2d 803 (Tenn. Ct. App. 1998. The Trial Court found the gift of $3,000.00 from the Husband's father to be the husband's separate property. The money was used as a down payment on the duplex, which was titled in the names of both parties. The Court also found that the lot on Lakeview Drive to be the husband's separate property. The Trial Court said: "I'm going to find that the $4,000.00 piece of real estate is separate property. It's his property, separate property. . . . It was in both names, but it's really a gift from his sister."

Tennessee Code Annotated § 36-4-121(b)(2)(D) provides that separate property includes gifts to either party. However, the record does not establish whether the gifts were made solely to the husband or to the marriage, but assuming the gifts were made solely to the husband, and were his property at the time of the gift, the doctrine of transmutation applies.

In *Batson v. Batson*, 769 S.W.2d 849 (Tenn. Ct. App. 1988), a husband purchased a house from his separate funds placing the title in his and his wife's name, as tenants by the entirety. We held that the property became marital property. *Accord, Wright-Miller v. Miller*, 984 S.W.2d 936 (Tenn. Ct. App. 1998); *McClellan v. McClellan*, 873 S.W.2d 350, 351 (Tenn. Ct. App. 1993); *Barnhill v. Barnhill*, 826 S.W.2d 443, 452 (Tenn. Ct. App. 1991). In *Wright-Miller*, *McClellan* and *Barnhill*, the courts ruled that transmutation had occurred when separate property was used to purchase a marital home, with the home being titled jointly to the parties as tenants by the entirety. *Also see Hardin v. Hardin*, 979 S.W.2d 314 (Tenn. Ct. App. 1998).

In this case, the duplex where the parties resided was titled in the names of both husband and wife, which triggers the presumption that the marital home was marital property. See *Batson*, 768 S.W.2d at 858. The only proof offered by the husband to overcome the presumption was that the down payment on the house was a gift to him from his father and that the husband had made financial contributions and

improvements to the property. We conclude that the evidence does not rebut the presumption and preponderates against the Trial Court's finding on this issue. T.R.A.P. Rule 13(d).

The other property at issue is the lot given by the husband's sister. It too, was titled in the names of both parties and acquired during their marriage. Again, these facts trigger the presumption that it is marital property, and that husband had the burden of showing the property was intended to remain his separate property despite being titled jointly.

In *Wright-Miller v. Miller*, the husband had purchased property with his separate funds, but titled the property in the names of himself and his wife, but he argued that the presumption created by titling the property in the names of both parties was rebutted, because the monies to purchase the lot and construct the house came from his corporation, and that it was not his intent to make a gift of one-half of the property to his wife. Also he paid the taxes on the property, and maintained the property out of his income.

The *Wright-Miller* Court said that the reasons offered by the husband were not dispositive, but were merely factors to be considered. The court reasoned, as the wife properly pointed out, that the "Husband could have titled the property in his name only if he intended the property to remain separate." and concluded that husband had not overcome the presumption that the property was in fact marital property.

In this case, the wife testified that the lot was a gift from the husband's sister and brother-in-law. Husband testified that his sister "felt obligated that she could give [him] some piece of property, because . . . when [he] was about 18 or so [his] dad bought five acres for [him] and [his] sister." He testified that the title was placed in both names because "we just put everything in both of our names." The evidence does not overcome the presumption created by the joint title. Accordingly, we hold that the lot awarded as separate property was marital property.

The Court's property division gives each party essentially one half of the marital property. The husband argues that the distribution of marital property was not equitable. He states that "there was no mention at trial that Ms. Ray contributed to the acquisition, preservation, appreciation or dissipation of the marital property.

3

Likewise, there was absolutely no proof that Ms. Ray made any type of contribution as homemaker or wage earner, pursuant to the factors stated in T.C.A. 36-4-121(c)(5)." He concludes by asserting that he did all the work on the property and made "significant and substantial improvements toward the property" and that he is entitled to a greater portion of the marital property.

While the husband was the primary wage earner, the wife also worked outside the home bringing in additional income. She also took care of the parties' minor child and assumed the role of homemaker. The husband's argument that he should be compensated for his contributions and labor while denying any such credit to the wife for her labors does not strike a responsive chord in equity. Considering all the relevant factors, the Trial Court did not abuse its discretion by awarding a near-equal division of the marital property.

Upon remand, the Trial Court is directed to divide the value of the additional $7,000.00 we have determined to be marital property, between the parties in the same manner as the Court has heretofore divided the marital estate.

The cost of the appeal is assessed to the husband.


_____
Herschel P. Franks, J.

CONCUR:



_____
Houston M. Goddard, P.J.




_____
D. Michael Swiney, J.

4