IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## LINDA MARIE CLINE v. RICHARD ALLEN CLINE, JR.

**A Direct Appeal from the Chancery Court for Williamson County**
**No. I-25941     The Honorable Donald P. Harris, Judge**

---

**No. M1999-00811-COA-R3-CV - Decided June 16, 2000**

---

This is a divorce case involving the question of child custody.  The trial court provided for joint custody with primary physical custody to Mother.  Father has appealed.

**Tenn.R.App.P., Appeal as of Right; Judgment of the Chancery Court Affirmed**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which FARMER, J., and LILLARD, J., joined.

Delilah A. Speed, Columbia, For Appellant

Virginia Lee Story, Franklin, For Appellee

### MEMORANDUM OPINION[1]

Defendant-appellant, Richard Allen Cline, Jr. (Father), appeals from the order of the trial court awarding the parties joint custody of their three minor children with primary physical control to plaintiff-appellee, Linda Marie Cline (Mother).

The parties were married August 11, 1984 and have three minor children: Derrick Richard Cline, d/o/b 3/20/87; Lucas William Cline, d/o/b 9/5/88; and Rebecca Marie Cline, d/o/b 6/8/92.

After a non-jury trial, the parties were granted a divorce pursuant to T.C.A. § 36-4-129(e)

---

[1]Rule 10 (Court of Appeals).  Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

(1996). The trial court, *inter alia*, made an equitable division of the parties' assets, awarded rehabilitative alimony to Mother, provided for joint custody of the parties' minor children with Mother having primary physical custody and ordered Father to pay child support. Father has appealed, and the only issue for review is whether the trial court erred in granting joint custody of the parties' minor children with Mother designated as the custodial parent.

The record reveals that after the parties separated, Mother began a relationship involving a sexual liaison with another man, and that Father engaged in a somewhat bizarre self-satisfaction type of sexual activity. There is no proof in the record, however, that the children of the parties were actually exposed to the sexual activities of the parents.

The only witnesses to testify at the trial were the parties. Mother testified that for the most part she was not employed during the marriage after the children were born and that she devoted her time to making a home for the children and Father. She testified extensively concerning her activities as the primary care giver for the children. Father did not seriously dispute Mother's account of the extent of her activities with the children.

Father testified that in addition to being the "breadwinner" of the family, he was actively involved in their home education, supervision, and recreational activities. His testimony was not seriously questioned by Mother. The trial court found that both parties were fit and proper persons to be custodians of the children.

The trial judge, as the trier of fact, had the opportunity to observe these parties and their manner and demeanor on the witness stand, and the weight, faith, and credit accorded to their testimony by the trial judge is entitled to great weight in this Court. *Mays v. Brighton Bank*, 832 S.W.2d 347, 351-352 (Tenn. Ct. App. 1992). As the case was tried by the Court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984).

T.C.A. § 36-6-106 (Supp. 1999) provides:

36-6-106. Child custody.

In a suit for annulment, divorce, separate maintenance, or in any other proceeding requiring the court to make a custody determination regarding a minor child, such determination shall be made upon the basis of the best interest of the child. The court shall consider all relevant factors including the following where applicable:
(1) The love, affection and emotional ties existing between the parents and child;

(2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary care giver;

(3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment; provided, that where there is a finding, under § 36-6-106(8), of child abuse, as defined in § 39-15-401 or § 39-15-402, or child sexual abuse, as defined in § 37-1-602, by one (1) parent, and that a non-perpetrating parent has relocated in order to flee the perpetrating parent, that such relocation shall not weigh against an award of custody;

(4) The stability of the family unit of the parents;

(5) The mental and physical health of the parents;

(6) The home, school and community record of the child;

(7) The reasonable preference of the child if twelve (12) years of age or older. The court may hear the preference of a younger child upon request. The preferences of older children should normally be given greater weight than those of younger children;

(8) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; provided, that where there are allegations that one (1) parent has committed child abuse, [as defined in § 39-15-401 or § 39-15-402], or child sexual abuse, [as defined in § 37-1-602], against a family member, the court shall consider all evidence relevant to the physical and emotional safety of the child, and determine, by a clear preponderance of the evidence, whether such abuse has occurred. The court shall include in its decision a written finding of all evidence, and all findings of facts connected thereto. In addition, the court shall, where appropriate, refer any issues of abuse to the juvenile court for further proceedings;

(9) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child; and

(10) Each parent's past and potential for future performance of parenting responsibilities, including the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child.

The determination of a child's best interest must turn on the particular facts of each case. *Taylor v. Taylor*, 849 S.W.2d 319, 326 (Tenn. 1993); *In re Parsons*, 914 S.W.2d 889, 893 (Tenn. Ct. App. 1995). In *Bah v. Bah*, 668 S.W.2d 663 (Tenn. Ct. App.1983), the Court established some

-3-

guidelines for making the determination of the child's best interest:

> We adopt what we believe is a common sense approach to custody, one which we will call the doctrine of "comparative fitness." The paramount concern in child custody cases is the welfare and best interest of the child. ***Mollish v. Mollish***, 494 S.W.2d 145, 151 (Tenn. Ct. App.1972). There are literally thousands of things that must be taken into consideration in the lives of young children, ***Smith v. Smith***, 188 Tenn. 430, 437, 220 S.W.2d 627, 630 (1949), and these factors must be reviewed on a comparative approach:
>
>> Fitness for custodial responsibilities is *largely a comparative matter.* No human being is deemed perfect, hence no human can be deemed a perfectly fit custodian. Necessarily, therefore, the courts must determine which of two or more available custodians is more or less fit than others.
>
> ***Edwards v. Edwards***, 501 S.W.2d 283, 290-91 (Tenn. Ct. App.1973) (emphasis supplied).

***Bah***, 668 S.W.2d at 666.

Father asserts that the trial court placed too much emphasis on his role as the financial provider for the family and did not consider the other relevant factors that would authorize primary custodial responsibility for him. The chancellor did note that Father, as the primary wage earner, could provide the financial support to the children allowing Mother to devote more of her time, as she had in the past, to the care of the children. The record does not bear out, however, Father's assertion that the court placed too much emphasis on this factor. The court also noted that Mother was awarded the marital home and the physical facilities for the children would remain virtually unchanged. Viewing the record as a whole, we reach the conclusion that the evidence does not preponderate against the finding by the trial court that the award of joint custody with primary physical custody to Mother is in the best interest of the children.

Accordingly, the judgment of the trial court is affirmed, and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Richard Allen Cline.