IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 20, 2005

STATE OF TENNESSEE, EX REL. CHERYL MARKLEY MOCK
v.
BENJAMIN FRANKLIN DECKER

An Appeal from the Juvenile Court for Shelby County
No. N8168     Herbert J. Lane, Special Judge

_____

No. W2004-02587-COA-R3-JV - Filed December 15, 2005
_____

This is a Title IV child support case. The child involved in this action was born in September 2000. The parents were never married. The child lived with the mother, and the mother began receiving financial assistance from the State when the child was born. In February 2002, the child was legitimated as the natural child of the father. In February 2003, the State, on behalf of the mother, filed a petition against the father for child support payments. In May 2003, the father was ordered to pay child support, plus a monthly amount toward his child support arrearage. The mother filed a petition for rehearing by the juvenile court judge, arguing that the established arrearage was too high, and asserting that she no longer wanted child support from the father because the two were reunited. In November 2003, a hearing was conducted. At the conclusion of the hearing, the trial court terminated the father's monthly child support obligation and gave him a credit toward the child support arrearage for payments that had been made directly to the mother. The State filed a motion to alter or amend the decision, which was denied. The State now appeals. We reverse.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court is
Reversed and Remanded

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Paul G. Summers, Attorney General and Reporter, Stuart F. Wilson-Patton, Senior Counsel, and Juan G. Villasenor, Assistant Attorney General, Nashville, Tennessee, for the appellant, State of Tennessee, *ex rel*. Cheryl Markley Mock.

Benjamin Franklin Decker, Memphis, Tennessee, appellee, *Pro Se*.

**OPINION**

Cheryl Markley Mock ("Mother") and Respondent/Appellee Benjamin Franklin Decker ("Father") are the natural parents of the minor child in this action, Alyssa Joanne Decker, born September 1, 2000. Mother and Father were never married. On February 5, 2002, Alyssa was legitimated as the natural child of Father. Father was ordered to provide medical insurance for the child, pay half of the medical expenses not covered by insurance, and reimburse all medical expenses incident to the child's birth. He was also ordered to reimburse the State for the cost of the DNA testing necessary to prove his paternity. The child lived with Mother. Mother began to receive financial assistance from the State of Tennessee when the child was born. In June 2002, Father filed a petition for visitation. Father's petition for visitation was granted, and he began visiting her.

On February 13, 2003, Petitioner/Appellant State of Tennessee ("State"), on behalf of Mother, filed a petition in Juvenile Court seeking child support from Father. On May 9, 2003, the Juvenile Court Referee ("Referee") entered his findings and his recommendation that Father pay $369 per month in child support, and additionally pay $25 per month in retroactive child support established at $2,000. The Juvenile Court Judge confirmed the recommendation of the Juvenile Court Referee. On May 13, 2003, Mother filed a petition for a hearing before the Juvenile Court Judge, which was granted.

On November 13, 2003, a hearing was held in Juvenile Court. At the hearing, Mother expressed her opinion that the amount of retroactive child support assessed against Father was too high. She admitted to having received public assistance benefits for two children (one with a different father), but stated that, when Alyssa was born, her assistance only went up $43 per month. She indicated that Father had helped her with the support of the child outside of court before she filed the petition to set child support. Mother stated that she and Father were living together again. She said that she and Father had lived together "on and off" since the child was born in September 2000. Mother admitted to having received public assistance and TennCare coverage for the child from the State during that time. In February 2003, when Mother filed her petition for child support, Mother and Father were separated, but they reunited a few weeks later. Mother asserted that she now wanted to drop the child support case because the couple was together at the time of the hearing.

The Juvenile Court heard from Father as well. He claimed that he and Mother had lived together in the same house with the child for the majority of her life. He admitted that he had not paid the child support that he had been ordered to pay, and that there were no records of any child support payments having been made by Father through the State. As of the date of the hearing, the total child support arrearage was $4,214 — all of which was assigned to the State.

At the conclusion of the hearing, the Juvenile Court gave Father credit for the $2,214 in current child support that he should have paid from June 1 through November 1, 2003, based on its finding that Father had paid that amount directly to Mother. The Juvenile Court also terminated the child support obligation as of the date of the hearing based on the "agreement of the parties." Father

was ordered to pay the $2,000 child support arrearage at a rate of $50 per month through the State disbursement unit. Later that month, the State filed a motion to alter or amend the judgment.

On September 7, 2004, nearly a year later, a hearing was held on the State's motion to alter or amend the judgment. By that time, the parties had again separated. In the September 2004 hearing, Mother denied having been present at the November 2003 hearing, claiming that she had "phoned in." She denied making statements in November 2003 to the effect that Father had paid her money directly for the support of the child, but maintained that he had supported her during the times in which they were living together. Mother again admitted that she had received State assistance from the time of the child's birth. Counsel for the State argued that the Juvenile Court did not have authority to permit Father to make payments directly to Mother instead of making payments through the State disbursement unit, or to terminate Father's child support obligation. At the conclusion of the hearing, the Juvenile Court dismissed the State's motion to alter or amend. The State now appeals that decision.

On appeal, the State argues that the trial court erred in terminating Father's current child support obligation and in giving Father credit for direct payments made to Mother. Father has not submitted an appellate brief on his own behalf, and we consider this appeal based on the record and on the State's appellate brief.

We review the trial court's findings of fact *de novo* on the record, presuming those findings to be correct unless the evidence preponderates otherwise. T.R.A.P. 13(d); *see Hass v. Knighton*, 676 S.W.2d 554, 554 (Tenn. 1984); *State ex rel. Mitchell v. Mitchell*, No. W2004-01320-COA-R3-JV, 2005 WL 913115, at *2 (Tenn. Ct. App. Apr. 20, 2005). We review questions of law *de novo*, with no presumption of correctness. *Jahn v. Jahn*, 932 S.W.3d 939, 941 (Tenn. Ct. App. 1996).

Based on the State's petition, the Juvenile Court established Father's $369 monthly child support obligation and also established that he owed an arrearage of some $2,000. The amount of the monthly payments and the amount of the arrearage are not challenged in this appeal. The State argues, however, that the Juvenile Court erred in terminating Father's child support payments altogether. The situation in this case is unusual, because the Juvenile Court's decision to "terminate" Father's obligation occurred in the same proceeding in which it established the obligation. Therefore, the issue becomes whether the Juvenile Court erred in reconsidering its initial order and in failing to enforce Father's obligation to pay child support to Mother through the State disbursement unit.

Tennessee Code Annotated § 71-3-124 provides that, when an individual receives assistance under Title IV-D, the State may file any legal action to "establish, modify or enforce child or spousal support," and that the State becomes the assignee of any right of support to which that individual is entitled. T.C.A. § 71-3-124 (2004); *State ex rel. Mitchell v. Lea*, No. W2003-01650-COA-R3-JV, 2004 WL 2607564, at *7 (Tenn. Ct. App. Nov. 16, 2004). Under this statute, the Juvenile Court was correct in its initial determination establishing Father's child support obligation. For the same reason, it erred in reversing that decision and in effectively terminating the ordered payments. This Court has recognized that a private agreement to terminate one parent's obligation to make child

support payments through the State's disbursement unit in a Title IV-D case is unenforceable. ***See State ex rel. Mitchell v. Mitchell***, 2005 WL 2005 WL 913115, at \*4-\*5; ***State ex rel. Mitchell v. Lea***, 2004 WL 2607564, at \*7 \*9 (Tenn. Ct. App. Nov. 16, 2004); ***State ex rel. Mitchell v. Armstrong***, No. 2003-01687-COA-R3-JV, 2004 WL 2039811, at \*4 (Tenn. Ct. App. Sept. 3, 2004). Under these circumstances, we must conclude that the Juvenile Court erred in reversing its initial decision to establish Father's monthly child support obligation.

The State further argues that the trial court erred in giving Father a credit in the amount of $2,214, the amount of monthly child support that had accrued during the proceedings. The parties' unsworn statements to the Juvenile Court indicated that they had lived together "on and off" for five years, some years together and some years apart. Father admitted that no support payments were made to Mother through the State disbursement unit. Mother stated that Father had given her money and that he had helped her support the child, but gave no details regarding his alleged support. The Juvenile Court Judge asked Mother, "Did he help you with the support of the child," and Mother responded " yes . . . he did give me money." There was no evidence as to when, how much, or for what purpose Father gave any money to Mother.

"An obligor parent seeking a credit for necessaries must show that the expenditures were based on the child's need for the goods, that the custodial parent was responsible for but failed to provide the goods, and the actual cost of the goods provided." ***State ex rel. Mitchell v. Lea***, 2004 WL 2607564, at \*9 (citing ***Peycheck v. Rutherford***, No. W2003-01805-COA-R3-CV, 2004 WL 1269313, at \*3-\*5 (Tenn. Ct. App. June 8, 2004)). The circumstances of this case are similar to the situations in both ***State ex rel. Mitchell v. Mitchell*** and ***State ex rel. Mitchell v. Lea***. In both cases, the father did not make support payments to the mother through the State disbursement unit, but did give some support to the mother over time for the support of the children. In both cases, the mother testified that the father had been "providing" for their children, but did not specify the amount of any such payments or what the payments were for. ***State ex rel. Mitchell v. Mitchell***, 2005 WL 913115, at \*5; ***State ex rel. Mitchell v. Lea***, 2004 WL 2607564, at \*9. In ***State ex rel. Mitchell v. Mitchell***, the appellate court found that there was "some indication in this record that [the father] made payments to [the mother and/or the child]." On that basis, the appellate court remanded for a determination of what, if any, credit was due to the father. In ***State ex rel. Mitchell v. Lea***, however, the appellate court did not remand the case, but reversed the trial court's award of a credit to the father. The appellate court in that case noted that the father "paid monies in undetermined amounts directly to [the mother]. This is not the equivalent of providing necessaries." ***State ex rel. Mitchell v. Lea***, 2004 WL 2607564, at \*9.

In the instant case, the record contains only unsworn statements of the parties to the effect that Father paid some support for the child during her life, in unspecified amounts. Although this is insufficient to give Father any credit against his arrearage, it is undisputed that Father, in fact, lived in the same household with Mother and Alyssa and was their sole financial provider for a portion of the first five years of the child's life. As in ***State ex rel. Mitchell v. Mitchell***, we remand to the trial court to determine the extent to which Father should be given a credit for providing necessaries for the child.

Therefore, we reverse the order of the Juvenile Court dismissing Father's monthly child support obligation and forgiving his child support arrearage. We remand the cause to the Juvenile Court only for purposes of determining whether, and to what extent, Father is entitled to a credit against his arrearage for necessaries provided to the child.

The decision of the trial court is reversed and remanded for further proceedings not inconsistent with this Opinion. Costs on appeal are to be taxed equally to the State of Tennessee and to Appellee Benjamin Franklin Decker, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE