Charles Robert HASS, Joseph R. Hass and Elizabeth M. Hass, Appellants,

v.

Linda Faye KNIGHTON, Appellee.

Supreme Court of Tennessee, at Nashville.

Sept. 17, 1984.

Sabin R. Thompson, E.E. Edwards, III, Nashville, for appellants.

Frank M. Fly, Murfreesboro, for appellee.

OPINION

DROWOTA, Justice.

Upon consideration of the Appellants' application for permission to appeal and the

entire record in this cause, we are of the opinion that the application should be denied because the results reached by the trial court and the Court of Appeals on the merits of this cause are correct.

Since the final decree of the trial court and the Court of Appeals is to remain unchanged, we deem it unnecessary to grant Appellants' application. However, we do deem it appropriate to file this memorandum opinion and designate it for publication in order to clarify the scope of review in child custody cases. Within the Court of Appeals, panels are in conflict over what standard of review to apply.

A majority of the Court in this case held that the Court of Appeals does not indulge the usual presumption of correctness, but is required to review the record *de novo*, citing *Smith v. Smith*, 188 Tenn. 430, 220 S.W.2d 627 (1949), and the more recent decisions of *Born v. Born*, 614 S.W.2d 49 (Tenn.App.1981), and *Boyd v. Boyd*, 653 S.W.2d 732 (Tenn.App.1983).

Judge Tomlin, however, disagreed with his colleagues and adopted the views expressed in *Bevins v. Bevins*, 53 Tenn.App. 403, 383 S.W.2d 780 (1964), and the more recent opinion of *Bah v. Bah*, 668 S.W.2d 663 (Tenn.App.1983). In *Bah v. Bah*, Judge Conner stated:

> The matter is to be reviewed by us *de novo* with a presumption of correctness of the ruling of the trial judge. T.R.A.P. 13(d). We are not unmindful of *Riddick v. Riddick*, 497 S.W.2d 740 (Tenn.App. 1973), which states that the presumption is eliminated in child custody cases and the review is strictly *de novo*. *Id.* at 742. However, that case was decided prior to the passage of the T.R.A.P. rules and no exception from the normal review in non-jury matters is made therein for custody cases.

We agree with the views expressed in *Bah*. Rule 13(d) of the Tennessee Rules of Appellate Procedure, which supersedes T.C.A. § 27–303 (now repealed), states:

> FINDINGS OF FACT IN CIVIL ACTIONS. Unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. Findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict.

Since review by the Court of Appeals in child custody cases is not "otherwise required by statute," the review of findings of fact "shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise."

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.