IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 8, 2004 Session

## PAULA JEAN WILLIAMS v. KEVIN MACK WILLIAMS

**Direct Appeal from the Chancery Court for Monroe County**
No. 13330      Hon.   Jerri S. Bryant, Chancellor

_____

**No. E2004-00964-COA-R3-CV  - FILED MARCH 7, 2005**

_____

The Trial Court changed primary custody of the parties' child from mother to father.  On appeal, we reverse on the grounds that the father did not prove a material change of circumstances.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Brandy Slaybaugh, Knoxville, Tennessee, for appellant.

J. Reed Dixon, Sweetwater, Tennessee, for appellee.

### OPINION

In this post-divorce action, the father petitioned the Court to be designated as the primary residential custodian of the parties' minor child on the grounds that there had "been a significant change of circumstance".

Following an evidentiary hearing, the Trial Court awarded primary custody of the child to the father and the mother has appealed.

The parties have one child, a son, born on December 30, 1996, and they were divorced on February 19, 2002.  At the time of the divorce, the mother was awarded custody with reasonable visitation to the father.

On November 17, 2003, the father filed a petition to change custody on the ground

the mother had subjected the child to her illicit and immoral activities and withheld the child from the petitioner, and had moved the child to another school. Further, that the mother was financially irresponsible and "petitioner feels the minor child is in an environment that is not conducive to the proper upbringing of a minor child". At the conclusion of the evidentiary hearing, the Trial Court essentially concluded that a change of circumstances had occurred and it was in the child's best interest to award primary custody to the father.

On appeal, the mother raises these issues:

1.      Whether the Trial Court erred in reassessing primary residential custody of the parties minor child from Ms. Thompson, appellant, to appellee without finding a material change of circumstances to the child, which was not reasonably foreseeable at the time of the initial custody determination; and

2.      whether the Trial Court erred assuming there was a material change of circumstances by failing to determine whether a change in residential custody was in the child's best interest?

The Trial Court in her ruling observed:

This is not an easy case. Both of the parties have good and bad points. Mother has exhibited poor judgment since the divorce staying with various men to whom she is not married, exhibiting an immoral lifestyle to the child, moving the child to four different homes within less than 18 months. The child, however, appears to be doing well in school, probably because this is an exceptional child. He is able to overcome the obstacles that have been thrown into his path by the parents.

The Trial Court then ordered a change in custody, without addressing all of the factors set forth in Tenn. Code Ann. § 36-6-106. In this regard, the Supreme Court has noted:

. . . After finding that a material change in circumstance has occurred, the Trial Court must determine whether modification of custody is in the child's best interest using the factors enumerated in Tenn. Code Ann. § 36-6-106.

*Cranstone v. Combs*, 106 S.W.3d 641 at 644 (Tenn. 2003).

Our standard of review on appeal is *de novo* accompanied by a presumption of correctness of the fact findings, unless the evidence preponderates otherwise. *Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984), Rule 13(d) Tenn. R. App. P. The Supreme Court opinion of *Kendrick v. Shoemake*, 90 S.W.3d 566 (Tenn. 2002), teaches:

While "[t]here are no hard and fast rules for determining when a child's circumstances have changed sufficiently to warrant a change of his or her custody,"

-2-

the following factors have formed a sound basis for determining whether a material change in circumstances has occurred: the change "has occurred after the entry of the order sought to be modified," the change "is not one that was known or reasonably anticipated when the order was entered," and the change "is one that affects the child's well-being in a meaningful way." We note that a parent's change in circumstances may be a material change in circumstances for the purposes of modifying custody if such a change affects the child's well-being.

Assuming *arguendo* that a change in circumstances has occurred as found by the Trial Court, we conclude these changes are not "a material change in circumstances for the purpose of modifying custody", because the evidence does not establish that the changes have affected the child's well-being as required by *Kendrick. Also see, Blair v. Badenhope*, 77 S.W.3d 137 (Tenn. 2002); and *Cranstone.*

The husband has the burden of establishing material change of circumstances. *Rogero v. Pitt,* 759 S.W.2d 109 (Tenn. 1980). The evidence does not establish that any of the conditions mentioned by the Trial Court have impacted on the child's well-being in a meaningful way. *See Musselman v. Acuff*, 826 S.W.2d 920-922 (Tenn. Ct. App. 1991). Indeed, the evidence showed that the child was doing well in school and was otherwise well adjusted. The child does have a hearing problem, but the mother had appropriately tended to his condition. We hold that the conditions established by the evidence have not affected the child's well-being in a meaningful way as required by *Kendrick.*

Accordingly, we reverse the Judgment of the Trial Court and remand for the entry of an Order dismissing the Petition for Change of Custody.

The cost of the appeal is assessed to Kevin Mack Williams.

_____
HERSCHEL PICKENS FRANKS, P.J.