IN THE COURT OF APPEALS

AT KNOXVILLE

FILED

August 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM ROSS ALLEN BRITTON,    ) C/A NO. 03A01-9804-CV-00143
                               )
        Plaintiff-Appellee,    )
                               )
                               )
                               )
v.                             ) APPEAL AS OF RIGHT FROM THE
                               ) GREENE COUNTY CIRCUIT COURT
                               )
                               )
                               )
                               )
PENNY JEAN BRITTON,            )
                               ) HONORABLE KINDALL T. LAWSON,
        Defendant-Appellant.   ) JUDGE


For Appellant                    For Appellee

DAVID L. LEONARD                 K. KIDWELL KING
Leonard & Kershaw                King & King
Greeneville, Tennessee           Greeneville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                              Susano, J.

In this post-divorce proceeding, the trial court modified the parties' 1994 divorce judgment by awarding William Ross Allen Britton ("Father") custody of Cody Allen Britton (DOB: June 21, 1991) and Mariah Cheyenne Britton (DOB: January 27, 1993). The divorce judgment had placed the children's custody with Penny Jean Britton ("Mother") based upon the parties' marital dissolution agreement. Mother appealed the modification order, contending that there had not been a change in circumstances since the divorce such as to warrant a change of custody.

Since this is a non-jury case, we must decide if the evidence preponderates against the trial court's decision to change custody. Rule 13(d), T.R.A.P. *See also* **Hass v. Knighton**, 676 S.W.2d 554, 555 (Tenn. 1984).

Father's petition to change custody addressed itself to the trial court's wide and sound discretion. **Brumit v. Brumit**, 948 S.W.2d 739, 740 (Tenn.App. 1997). "[W]e will not tamper with that discretion unless the facts demonstrate that the trier of fact has abused his or her discretion." **Id**.

In order to justify a change of custody, the trial court must find a material change in circumstances such "that the welfare of the child requires a change of custody." **Griffin v. Stone**, 834 S.W.2d 300, 301-02 (Tenn.App. 1992). The best interest of the child is the paramount consideration. **Brumit** at 740.

2

Father's petition is based primarily on Mother's relationship with her boyfriend, Michael Dunn. There is uncontradicted evidence that the police were called to Mother's residence on two separate occasions to investigate an alleged domestic dispute involving Mother and Mr. Dunn. The latter two individuals testified that on each occasion they were arguing loudly, and nothing more. Mr. Dunn, in alluding to the first incident, which occurred a "year or so" before the change of custody hearing, said that they "got a little loud." He blamed the later June 23, 1997, incident on a "discussion that got out of hand." Both he and Mother acknowledged that he grabbed her in some fashion on this second occasion, but both denied that he struck her then or at any other time.

The evidence is clear that the June 23, 1997, incident prompted Mother's son, Cody, who was home at the time, to run to a neighbor's house for help. That neighbor called 911, resulting in the visit by the police. There is also proof that on the Monday following the last incident, when Mother went to pick up her children following their weekend visitation with Father, Cody was "terrified" at the thought of going home with his mother.

Father's present wife testified that she had observed Mother with black eyes on three separate occasions[1] -- one being when Mother tried to pick up the children shortly following the June 23, 1997, incident. She testified, with respect to one of

---

[1]Mother and Mr. Dunn each testified that Mother had suffered a black eye in a "dune buggy" accident. They denied that Mr. Dunn had ever caused Mother to have a black eye.

3

the other black eyes, that Mother had indicated that "me and Mike got into a fight."

The credibility of the witnesses was very much at issue in this case. The trial court had to decide which of the witnesses were credible, and which were not. He resolved these matters in favor of a finding that Mother's relationship with Mr. Dunn was a change in circumstances that warranted a change of custody. The issue of credibility is primarily for the trial court. *Tennessee Valley Kaolin Corp. v. Perry*, 526 S.W.2d 488, 490 (Tenn.App. 1974). The facts believed by the trial court showed a propensity toward verbal and physical violence in Mother's relationship with Mr. Dunn, and a resulting adverse effect on Cody, if not his younger sister.

In view of the trial court's explicit and implicit credibility determinations, we cannot say that the evidence preponderates against the trial court's judgment changing custody. It results that the judgment is affirmed with costs on appeal taxed to the appellant. This case is remanded for enforcement of the judgment and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Herschel P. Franks, J.

4