IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

# BENJAMIN ROBERT CRABTREE V. JANICE L. REHBEIN CRABTREE

**Direct Appeal from the Circuit Court for Hawkins County**
**No. 8621      Hon. Kindall T. Lawson, Circuit Judge**

---

**No. E2000-00501-COA-R3-CV - Decided June 23, 2000**

---

Mother sought change of custody from father due to alleged change of circumstances.  The Trial Judge refused to change custody and mother appealed.

**Tenn. R. App. P.3  Appeal as of Right; Judgment of the Circuit Court Affirmed.**

FRANKS, J., delivered the opinion of the court, in which SUSANO, J., and SWINEY, J., joined.

Phillip L. Boyd, Rogersville, Tennessee and Randall A. Eads, Abingdon, Virginia, for Appellee.

Stephen L. Gilly, Kingsport, for Appellant.

**OPINION**

The Trial Judge refused to change custody of the minor child to the mother, and the mother has appealed.

The father and mother were married on August 23, 1997 in Sevier County, Tennessee, and one child was born of that marriage.  During the marriage, the mother moved to Minnesota with the minor child.  There they resided with the mother's father.  The husband filed for divorce in May of 1998.  The Trial Judge granted the divorce and awarded custody of the minor child to the father, and the order provided for extended visitation by the mother, including three months during the summer.

The mother filed for a change of custody on August 12, 1999, alleging a material change in circumstances.  Specifically, since the divorce she has remarried and moved out of her father's house, and she has also begun working at home.  After hearing evidence on the issue, the

Trial Judge refused to change custody of the minor, and the mother has appealed.

The standard of review in child custody cases is *de novo* upon the record, of the Trial Court, accompanied by a presumption of correctness as to findings of fact, unless a preponderance of the evidence is otherwise. Rule 13(d) T.R.A.P., *Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984).

In recognition of the importance of stability and continuity, custody and visitation decisions, once made and implemented are *res judicata* upon the facts in existence or reasonably foreseeable when the decision was made. *Adelsperger v. Adelsperger*, 970 S.W.2d 482 (Tenn. Ct. App. 1997); *Young v. Smith*, 246 S.W.2d 93 (Tenn. 1952).

Tennessee Code Annotated §36-6-101(a)(1) empowers courts to change custody "as the exigencies of the case may require." Courts will change custody when the party seeking the change in custody proves that the child's circumstances have materially changed in a way that could not have been foreseen at the time of the original custody decision, and the child's best interest will be served by changing the existing custodial arrangements. *Adelsperger*, at 485; *Musselman v. Acuff*, 826 S.W.2d 920 (Tenn. Ct. App. 1991).

Before engaging in this analysis, the Court must determine whether there has been a material change in circumstances. We observed in *Wall v. Wall*, 907 S.W.2d 829 (Tenn. Ct. App. 1995):

> This decision [regarding custody] is not changeable except for "change of circumstances" which is defined as that which requires a change to prevent substantial harm to the child. Custody is not changed for the welfare or pleasure of either parent or to punish either parent, but to preserve the welfare of the child. Custody is not changed because one parent is able to furnish a more commodious or pleasant environment than the other, but where continuation of the adjudicated custody will substantially harm the child.

*Id.* at 834.

In this case, the custodial parent's circumstances have not changed. The mother has remarried and moved out of her father's house, and she states her new job will allow her to work at home. Remarriage may constitute a material change in circumstances, as in the case of *Tortorich v. Erickson*, 657 S.W.2d 190, 192 (Tenn. Ct. App. 1984); where the custodial parent had remarried, creating a questionable environment for the child. In this case, the mother's remarriage has apparently created a more stable and better home environment, which is laudable; however, the Trial Judge concluded that the improvement in the mother's living conditions was not sufficient to counteract the need for stability in the child's life.

We affirm the judgment of the Trial Court and remand at appellant's cost.