# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### JUNE 2000 Session

## WILLIE LUE PRENTICE v. RONALD W. PRENTICE

**Direct Appeal from the Circuit Court for Davidson County**
**No. 98D-1059; The Honorable Muriel Robinson, Judge**

---

**No. M1999-01507-COA-R3-CV - Filed September 22, 2000**

---

Ronald Prentice appeals from a decision of the Davidson County Circuit Court. The appeal involves a dispute over property division arising out of a divorce.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which FARMER, J., and LILLARD, J., joined.

Kathy A. Leslie, Nashville, for Appellant

Stephanie C. Hatchett, Nashville, for Appellee

### MEMORANDUM OPINION[1]

At the time the complaint for divorce was filed, Ronald W. Prentice ("Appellant") and Willie Lue Prentice ("Appellee") had been married for fourteen (14) years. The Appellee filed for divorce alleging inappropriate marital conduct.[2] In the final decree of divorce, the trial court provided for the following:

> The Plaintiff, Willie Lue Prentice, shall be responsible for Five Hundred($500.00)
> Dollars of the DISCOVER Card debt, based upon her testimony regarding expenses
> surrounding her father's funeral. The balance of the DISCOVER card debt, all other

---

[1] Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2] The trial court granted the Appellant a divorce based on the grounds alleged in the complaint, and the record fully supports that decision. As such, we find no need to delve into the specific facts leading up to the divorce.

credit card debts, including the following list, and all other joint debts shall be paid by the Defendant/Husband Ronald Prentice. The Plaintiff, Willie Lue Prentice, shall be held harmless from any joint debts other than the Five Hundred ($500.00) Dollar amount on the DISCOVER card.

. . . . .

In lieu of alimony, the Plaintiff, Willie Lue Prentice, is hereby awarded all interest in the marital residence, . . . , and the remaining furnishings in the home. Any rights, title or interest that Ronald Prentice may have in that property is hereby divested permanently and reinvested in her solely, subject to the first mortgage.

The sole issue presented by the Appellant is whether the trial court abused its discretion in dividing the parties debts and assets. On appeal, our review is guided by the principle that the trial court's division of marital property is presumed correct, unless the evidence preponderates otherwise. Tenn. R. App. P., Rule 13(d); Hass v. Knighton, 676 S.W.2d 554, 555 (Tenn. 1984); Dalton v. Dalton, 858 S.W.2d 324, 327 (Tenn. Ct. App. 1993). Trial courts have wide discretion in the manner in which marital property is divided, and their decisions are accorded great weight on appeal. Wade v. Wade, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994); Wallace v. Wallace, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987).

After a careful review of the record, we conclude that the evidence does not preponderate against the trial court's decision. We note that at the time of the final decree, the Appellant was incarcerated and awaiting trial under a substantial bail. Even if we were to assume, *arguendo*, that the Appellant contributed to the costs associated with maintaining the marital home, the Appellee is no less dependant on those contributions after the divorce. As the Appellant apparently had no means by which to pay alimony, the trial court's division of the property may be characterized as alimony *in solido*.

As for the division of the parties' debts, the record indicates that much of the debt was incurred by the Appellant to support his paramour, as well as his drug habit. The court did order the Appellee to pay that debt which was determined to have been incurred by her. As such, we find no error in the trial court's division of debt.

Finally, the Appellee argues that the present appeal is frivolous and asks this court to award attorney fees and discretionary costs. See Tenn.Code Ann. § 27-1-122. However, we do not believe that this appeal falls within the purview of the aforementioned statutory authority. Even though we affirm the trial court decision, we do not believe the appeal was frivolous as there was an issue regarding the equitable division of the marital assets and debts. As such, we must deny the Appellee's request for fees and/or expenses.

For the reasons stated herein, the decision of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Ronald Prentice, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE