IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 12, 2002 Session

## JIMMY RAY DOUGHERTY, JR., v. KAYE MICHELLE HODGES OLSON,

**Direct Appeal from the Juvenile Court for Bradley County**
**No. 6619-J     Hon. C. Van Deacon, Judge**

FILED JANUARY 13, 2003

No. E2002-00087-COA-R3-CV

Custody of minor child was ordered changed from mother to father by the Trial Court.  We Affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Arthur Bass, Cleveland, Tennessee, for Appellant.

B. Prince Miller, Jr., Cleveland, Tennessee, for Appellee.

**OPINION**

In this custody dispute, the Trial Court changed custody from the mother to the father. The child was born on July 10, 1994, and the father was adjudicated such by paternity testing.  The parties then agreed that the mother would have primary custody and the father pays child support. The child is one of four sons born to the mother, who receives virtually no child support from the other children's fathers.

At the hearing to alter the custodial arrangement, the father presented proof of the child's attention deficit disorder, that the child was failing all of his classes in the second grade, and offered substantial evidence of the mother's deficiencies in parenting skills and that neglect of oral hygiene had created loss of teeth and varied dental problems.  Further, the stepfather has been

abusive to the child. The mother testified that many of the problems had been caused by the stepfather's attitude toward the child, but they had been addressed through counseling and that the problems are "in the past". Generally her testimony was evasive and dissembling, particularly regarding the present state of the home environment.

At the conclusion of the proof, the Chancellor found that the child was not getting the supervision and affirmative discipline and control in the mother's care that he requires, and that the child was put in danger by the "cumulative effect" of the mother's economic plight, having three sons with ADHD, fire setting behaviors of the children, and obvious lack of supervision. He characterized the mother's inattentiveness as "benign neglect" and unbelievable that "today, in the 21st century, to have a child with half the teeth rotted out of their [sic] head is just absolutely - that probably in and of itself is sufficient basis to remove a child." The Court then ordered the child placed in the care, custody and control of his father.

Our standard of review in child custody and modification cases is *de novo* with a presumption of correctness of the Trial Court's finding of fact, unless the evidence preponderates otherwise. *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984). No presumption of correctness attaches to conclusions of law. *Nelson v. Nelson*, 66 S.W.3d 896, 901 (Tenn. Ct. App. 2001).

Because custody cases are essentially factually driven, appellate courts are reluctant to second-guess the trial judge who observed the witnesses and assessed their credibility, and the trial courts' determination of credibility are afforded great deference on appeal. *Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997). Custody decrees remain in the court's control, "subject to such changes or modifications as exigencies of the case may require." Tenn. Code Ann. § 36-6-101(a)(1); *Adelsperger*, at 485. The legislature recently defined the standard in modification of custody cases at Tenn. Code Ann. § 36-6-101(a)(2)(B), effective July 15, 2002:

> (B) If the issue before the court is a modification of the court's prior decree pertaining to custody or a residential parenting arrangement, the petitioner must prove by a preponderance of the evidence a material change in circumstance. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or circumstances which make the parenting plan no longer in the best interest of the child.[1]

It is clear from the record that there has been a change of circumstances since the entry of the custody order, and it is further clear from the record that a change of the custodial arrangement is in the best

---

[1]No parenting plan is involved here because the 1994 custody order predates the statutory requirement for parenting plans.

interest of the child.[2]  In this regard, *see Kendrick v. Shoemake*, No. E2000-01318-SC-R11-CV - Filed November 1, 2002 (Tenn. S.Ct.) ___ S.W.3d ___.

Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Kaye Michelle Hodges Olson.

_____
HERSCHEL PICKENS FRANKS, J.

---

[2]The record establishes that the child assimilates well into his father's home and has spent 20 of the past 27 weekends in his father's home.