IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 1, 2003  Session


## WILLIAM JOSEPH WILLIAMS v. MARLA JANE BARNES-MASON

**Direct Appeal from the Juvenile Court for Hamblen County
No. 12931     Hon. Mindy Norton Seals, Judge**

**FILED APRIL 30, 2003**

**No. E2002-01442-COA-R3-CV**

---

Primary residential custody was awarded to mother.  Father appealed.  We affirm.


**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**


HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Douglas R. Beier, Morristown, Tennessee, for Appellant.

J. Eric Harrison, Morristown, Tennessee, for Appellee.




**OPINION**



The sole issue on appeal in this custody dispute is whether the Trial Court erred in awarding defendant primary residential custody of the parties' minor child.

The parties began cohabiting in 1999, and their son Isaiah was born on April 13, 2000.  At the time the mother was 21 years old and the father was 28 years old.  The parties never married, although they cohabited.  The mother became employed in August of 2001, working full time as a receptionist.  On December 3, 2001, the father came home from church to find the mother in the process of packing hers and the baby's things and moving out, whereupon the father called his parents to come and take care of the child.  A confrontation occurred and the police were called, but the grandparents returned the child promptly.

The grandmother kept the child for half a day on Monday after the dispute on Sunday, and on Tuesday, New Year's Eve, she babysat so the mother could go out with friends. On January 2, 2002, mother took the child to grandmother as usual, and the father retained an attorney on the same day. Upon advice of counsel, he advised the mother when she returned from work to pick up the child that he intended on keeping Isaiah "until further arrangements are made through the Courts." He then filed the Petition in this case to Establish Primary Residential Placement.

The paternal grandparents are principal figures in Isaiah's life, having kept him almost daily since he was born, including when the mother was not working or in school. They devote a great deal of time to providing Isaiah with various educational and enriching activities. The mother acknowledged that the grandmother is a great care giver, and that the child is doing well and happy in her care. The mother recognizes the positive influence of the strong close-knit family, and intended to keep this child care arrangement if she was awarded custody.

Numerous witnesses testified in this case, and the Trial Court awarded primary residential custody to the mother, with the father having weekly visitation from Sunday at 8:00 a.m. to Tuesday at 8:00 a.m. The Trial Court's findings and Order specifically addresses each statutory factor of Tenn. Code Ann. § 36-6-106(a), essentially finding all (except for differences in income levels) to be equipoise. The Trial Court found the father had withheld the child from the mother by requiring her to visit in his home and refusing to permit overnight visitations; and testimony that the father was controlling and manipulative was credited by the Court. The Court noted that the father failed to prove that Isaiah would be unsafe with his mother, whereas the mother demonstrated a willingness to work with the father by bringing the child to his usual babysitter, the grandparents.

Child custody cases are reviewed on appeal *de novo* with a presumption of correctness of the Trial Court's findings, unless the evidence preponderates otherwise. Tenn. R. Civ. P. 13(d); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984).

Tenn. Code Ann. § 36-2-303 provides that the custody of a child born out of wedlock shall be with the mother unless there is an Order otherwise. This Court has held that if a custody dispute arises between parents over a child born out of wedlock the comparative fitness test is the proper standard to be applied, where there has been no previous custody decree. *Durant v. Howard,* 2001 WL 1103500 at *2 (Tenn. Ct. App. Sept. 20, 2001).

Great deference must be afforded lower courts when factual findings hinge in large part upon the credibility of witnesses because the lower court has a better opportunity to observe the manner and demeanor of the witnesses as they testify. *Randolph v. Randolph,* 937 S.W.2d 815, 819 (Tenn. 1996). The Trial Court based it's ruling primarily upon its conclusion that the father withheld the child from the mother and was untruthful regarding the use of an illegal substance. The evidence does not preponderate against the Trial Court's finding that both parents were fit parents to have custody of the child, and the evidence does not preponderate against the Trial Court's determination that it was in the best interest of the child that the mother have residential custody.

We find no basis to disturb the Trial Court's award of custody and remand, with the

cost of the appeal assessed to the appellant, William Joseph Williams.

                                        _____

                                        HERSCHEL PICKENS FRANKS, J.