# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Brief April 18, 2008

## IVAN D. BRADLEY v. GINGER KAYE BRADLEY

**Direct Appeal from the Chancery Court for Weakley County**
**No. 19481     William Michael Maloan, Chancellor**

---

### No. W2007-01962-COA-R3-CV - Filed June 24, 2008

---

This appeal arises from a divorce action. The trial court named Father primary residential parent of the parties' minor child, and Mother appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Milly Worley, Dyersburg, Tennessee for the appellant, Ginger Kaye Bradley.

James H. Bradberry, Dresden, Tennessee, for the appellee, Ivan D. Bradley.

### MEMORANDUM OPINION[1]

The parties to this divorce action, Ivan D. Bradley (Mr. Bradley) and Ginger Kaye Bradley (Ms. Bradley) were married in 1995 and separated in 2005. At the time of the marriage, Mr. Bradley, a commissioned officer in the United States Army, was stationed at Fort Campbell, Kentucky. At the time of separation, the parties were living in Germany, where Mr. Bradley was stationed. The parties' have one minor child, Blake, born in 1996. While in Germany, the family also included Mr. Bradley's daughter from his previous marriage and Ms. Bradley's two daughters

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

from her previous marriage. Apparently, Mr. Bradley has been domiciled in Tennessee while serving in the Army.

Mr. Bradley filed a complaint for divorce in the Chancery Court of Weakley County, Tennessee in March 2006. When Mr. Bradley filed his complaint, the parties were residing in Germany. In his complaint, Mr. Bradley alleged irreconcilable differences and inappropriate martial conduct as grounds for divorce. He also prayed to be designated primary residential parent of the parties' minor child. In July 2006, the trial court entered a temporary parenting plan designating Mr. Bradley as primary residential parent. Apparently, Mr. Bradley was stationed at Fort Knox, Kentucky, and residing in Shepardsville, Kentucky, when the temporary parenting plan was entered.

Ms. Bradley answered and counter-complained in August 2006. Apparently, Ms. Bradley had relocated to Oklahoma and was unemployed as of the date of her answer. Ms. Bradley admitted that irreconcilable differences had arisen between the parties, but denied allegations of inappropriate marital conduct. Ms. Bradley counter-complained for absolute divorce on the grounds of inappropriate marital conduct and prayed for custody of the minor child.

In September 2006, the trial court entered an order designating Ms. Bradley primary residential parent. In its order, the trial court found both parents fit in consideration of the factors enumerated at Tennessee Code Annotated § 36-1-106, and determined that it was in Blake's best interest to reside with Ms. Bradley in light of her family support network in Oklahoma. The order was not entered as a final judgment pursuant to Tennessee Rules of Civil Procedure 54.02, however, and did not establish a visitation schedule. In November 2006, the trial court modified its order, entering a temporary parenting plan naming Ms. Bradley as primary residential parent and somewhat establishing a visitation schedule. Under this temporary plan, the parties agreed to meet half way to exchange residency of Blake. On May 22, 2007, Ms. Bradley submitted a proposed permanent parenting plan which named her as primary residential parent.

The entire divorce matter was heard by the trial court on May 22 and 24, 2007, and the trial court entered final judgment on July 30, 2007. The trial court declared the parties divorced pursuant to Tennessee Code Annotated § 36-4-129 and named Mr. Bradley primary residential parent "pursuant to the rationale of the Court [contained] in its letter of May 29, 2007," a copy of which was attached and made part of the order of the court. In its May 29, 2007, letter the trial court stated that it had awarded temporary custody to Ms. Bradley based on her family situation in Oklahoma and the fact that Mr. Bradley was stationed at Fort Knox, but that "[t]hat situation ha[d] changed." The trial court noted that Mr. Bradley had retired from the Army and was seeking a job, and that Blake had performed poorly in school while in Ms. Bradley's care. The trial court entered a permanent parenting plan designating Mr. Bradley as primary residential parent.

Mother filed a timely notice of appeal to this Court on August 28, 2007. On October 31, 2007, Ms. Bradley filed a motion for an extension of time within which to file a transcript of the evidence. This Court granted her motion on November 1, 2007. On February 8, 2008, Ms. Bradley filed a motion for the extension of time for the filing of her brief. We granted that motion on February 11. Ms. Bradley filed her brief in this Court in March 2008. We affirm.

*Analysis*

The sole issue presented for our review on appeal is whether the trial court erred in designating Mr. Bradley as the primary residential parent of the parties' minor child. We review the trial court's determination of child custody under an abuse of discretion standard, affording the trial court great deference. *E.g., Herrera v. Herrera*, 944 S.W.2d 379, 385 (Tenn. Ct. App. 1996). This Court will not interfere with the trial court's determination absent a palpable abuse of discretion or unless the judgment is against the great weight of the evidence. *Id.* at 386. This deferential review is premised on the assumption that the trial court first considered the best interests of the child in making the custody determination and did not act arbitrarily. *Id.* When making a custody determination, the trial court must engage in a comparative fitness analysis of the parents. *Gaskill v. Gaskill*, 936 S.W.2d 626, 630 (Tenn. Ct. App. 1996). In so doing, it must consider the factors outlined by the legislature as codified at Tennessee Code Annotated § 36-6-106. *Id.* Custody determinations are thus based on a combination of subtle factors, and require a factually based inquiry. *Id.* The trial court is in the best position to weigh the facts presented to it, and to assess the credibility of the parties. *Id.* Although the trial court's discretion is not without limit and its determinations must be based on the evidence and appropriate legal principles, we will not disturb the trial court's determinations absent an abuse of discretion. *Hogue v. Hogue*, 147 S.W.3d 245, 251 (Tenn. Ct. App. 2004). We review the trial court's determination of the facts regarding the comparative fitness of the parents *de novo*, presuming those findings to be correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *In re Clark*, No. W2005-01687-COA-R3-JV, 2007 WL 152537, at *10 (Tenn. Ct. App. Jan. 22, 2007)(citing see *In re C.K.G.*, 173 S.W.3d 714, 732 (Tenn. 2005) (citing *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn.1984))).

Upon review of the record, we observe that neither parent is without personal faults. The trial court clearly appreciated these faults, however, and made particular findings upon engaging in the comparative fitness analysis required under Tennessee Code Annotated § 36-6-106. In its 2006 order, the trial court found that, "[w]ith respect to the love, affection, and emotional ties existing between the parents and the child, the Court finds that both parents love the child and have his best interest in mind[.]" The trial court also found that Mr. Bradley had an alcohol problem for which he had voluntarily sought rehabilitation, and that Ms. Bradley was undergoing psychiatric care for anxiety and depression. The court found that Ms. Bradley's condition did not appear to have had a detrimental effect upon her parenting skills, however. The trial court found that there was evidence of "inappropriate discipline" by Mr. Bradley, but that the incident "obviously did not scar Blake emotionally. . . ." As noted above, in 2006 the trial court determined that it was in Blake's best interest to reside with Ms. Bradley in light of the fact that he would be living with siblings and in light of Ms. Bradley's family support network. Ultimately, however, in its final order entered in July 2007, the trial court found that Mr. Bradley's living situation had changed upon his retirement from the Army, that Blake had failed to perform well in school while living with Ms. Bradley. The trial court specifically stated that it had reviewed the evidence in light of the statutory factors enumerated in Tennessee Code Annotated § 36-1-106, and found that both parents have "strong affection" for Blake. The trial court reiterated that its 2006 order had been primarily based upon a best interest

determination in consideration of the "stability of the family unit," and found that the "situation [had] changed."

Upon consideration of the record, we cannot say the evidence preponderates against the trial court's findings with respect to its comparative fitness analysis or its best interest determination. We accordingly find no abuse of discretion in the trial court's judgment.

### *Holding*

In light of the foregoing, the trial court's judgment is affirmed. Costs of this appeal are taxed to the Appellant, Ginger Kaye Bradley.

_____
DAVID R. FARMER, JUDGE
