IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 23, 2012 Session

## SUSAN ELAINE DOBBS v. BROOKE ANTHONY DOBBS

**Appeal from the Chancery Court for Sumner County**
**No. 2009D369     Tom E. Gray, Chancellor**

_____

**No. M2011-01523-COA-R3-CV - Filed August 7, 2012**

_____

In appeal from final decree in divorce action, Husband contends that the trial court erred in designating Wife as primary residential parent, in valuing the marital residence which was awarded to Wife, and in failing to require Wife to refinance the marital residence in her name alone. We affirm the designation of Wife as primary residential parent and the court's valuation of the marital residence and remand the case for the court to determine a reasonable length of time for Wife to secure Husband's release from the indebtedness on the marital residence and to amend the final decree accordingly.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., and BEN H. CANTRELL, SP. J., joined.

Carrie W. Gasasay, Clarksville, Tennessee, for the Appellant, Brooke Anthony Dobbs.

Jamie Douglas Winkler, Carthage, Tennessee, for the Appellee, Susan Elaine Dobbs.

### OPINION

#### FACTS

This appeal arises from the divorce of Susan Elaine Dobbs (Wife) and Brooke Anthony Dobbs (Husband) who were married on September 4, 1993; they are the parents of one child, born February 5, 2007. During the marriage Wife was employed as a radiation therapist in Cookeville, Tennessee, while Husband worked as an over-the-road truck driver at a family business in Richland Center, Wisconsin. The couple purchased a home that they shared up until the time of their divorce in Castalian Springs, Tennessee. Wife filed for

divorce on September 11, 2009, citing irreconcilable differences and inappropriate marital conduct. Along with the petition for divorce, Wife filed a proposed Temporary Parenting Plan, setting forth a Residential Sharing Schedule which provided that Wife would be the primary residential parent with Husband to have residential parenting time from 5:00 p.m. Friday to 5:00 p.m. on Sunday on alternating weeks.

The trial was held on February 18, 2011; the court entered a Final Decree of Divorce on June 7th granting Wife a divorce on the grounds of inappropriate marital conduct. Pertinent to the issues in this appeal, the court awarded the marital residence, which it valued at $235,000, to Wife, with the instruction that Wife was to "be responsible and hold harmless Husband" on the debt encumbering the property, which included a first mortgage and a second mortgage line of credit totaling $233,792. With respect to the parenting plan the court designated Wife as Primary Residential Parent with 283 days of residential parenting time and Husband the Alternate Residential Parent with 82 days of residential parenting time.

Husband filed a timely appeal in which he asserts that the court erred in: naming Wife Primary Residential Parent; failing to require Wife to refinance the former marital residence in her name alone; and valuing the marital residence at $235,000.

## I. DESIGNATION OF PRIMARY RESIDENTIAL PARENT

Husband asserts that the trial court erred in applying a factor other than those listed in Tenn. Code Ann. § 36-6-404[1] to determine the best interest of the parties' minor child. In designating Mother as Primary Residential Parent the court stated:

> After consideration of statutory factors and other factors for best interest of the parties' minor child the court finds the mother shall be named primary residential parent and the father is named the alternative residential parent. One factor unique to this case and in favor of mother was that the father operated an automobile with child riding in the front seat in the vehicle, which had air bags. No evidence was presented that the air bags were inoperable.

---

[1] Father contends "the court failed to apply the factors in Tenn. Code Ann. § 36-6-106, which are used to determine the residential schedule, and Tenn. Code Ann. § 36-6-404, which are used to determine the parenting plan." There is little substantive difference between the factors applicable to parenting plans, set out in Tenn. Code Ann. § 36-6-404(b), and those applicable to custody determinations, set out in Tenn. Code Ann. § 36-6-106(a) as far as determining comparative fitness and the best interests of the child. *Dillard v. Dillard*, No. M2007-00215-COA-R3-CV, 2008 WL2229523, at *10 ( Tenn. Ct. App. May 29, 2008 ). We will apply the factors set out in Tenn. Code Ann. § 36-6-404(b) to this appeal.

Strict compliance with State's laws on child restraint and care in vehicles shall be followed.

Husband argues that this factor is not in the statute and therefore is not applicable to the best interest analysis. Husband further argues that the court erred in naming Wife primary residential parent in light of evidence presented that Wife willingly attempted to thwart the father-child relationship.[2]

In making parenting decisions, the paramount concern of the trial court must be the welfare and best interest of the children. *See* Tenn. Code Ann. § 36-6-401(a). Tenn. Code Ann. § 36-6-404(b) sets forth specific factors that a court is to consider when determining the designation of a primary residential parent and in the determination of residential parenting time. *See Bryant v. Bryant,* No. M2007-02386-COA-R3-CV, 2008 WL 4254364, at *5-6 (Tenn. Ct. App. Sept. 16, 2008). The statute also allows the court to consider other matters it deems relevant to its determination. Tenn. Code Ann. § 36-6-404(b)(16). While the trial court is obligated to consider all the relevant statutory factors in reaching its decision, it is not required to list in its opinion or orders each of those factors along with its conclusions as to how that factor affected the overall determination. *Coley v. Coley,* No. M2007-00655-COA-R3-CV, 2008 WL 5206297, at *6 (Tenn. Ct. App. Jan.9, 2008). We review findings of fact *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the evidence preponderates otherwise. *Hass v. Knighton* 676 S.W.2d 554 (Tenn. Ct. App. 1984). Where the trial court makes no specific factual findings, there are no findings to which the presumption can attach; therefore we conduct our own independent review of the record to determine where the preponderance of the evidence lies. *Coley,* 2008 WL 5206297, at *6-7; *Curtis v. Hill,* 215 S.W.3d 836, 839 (Tenn. Ct. App. 2006). We will not disturb a parenting plan unless the plan is based on a material error of law or the evidence preponderates against it. *Adelsperger v. Adelsperger,* 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997).

Trial courts have broad discretion to make decisions regarding parenting arrangements, including the designation of primary residential parent. *Gaskill v. Gaskill,* 936 S.W.2d 626, 631(Tenn. Ct. App. 1996). Given the discretion involved and the fact that the decision often hinges on witness credibility, we review the trial court's ruling under the abuse of discretion standard. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. Ct. App. 2001);

---

[2] The court found both Husband and Wife in civil contempt of court. Husband was found in civil contempt on three counts: failure to pay temporary spousal support, failure to pay child support and failure to inform the mother of his specific address/location while exercising his parenting time; a judgment was entered against him for unpaid spousal and child support, and no sanctions were imposed for his failure to keep Wife informed of the specific physical location of the child while Husband was exercising his parenting time. Wife was found to be in contempt based on her interference with Husband's parenting time; no sanctions were imposed against her.

*Chaffin v. Ellis,* 211 S.W.3d 264, 286 ( Tenn. Ct. App. 2006). A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision, which is against logic or reasoning that causes an injustice to the complaining party. *Eldridge,* 42 S.W.3d at 85.

The evidence shows that Wife has been and continues to be the child's primary care-giver, taking the greater responsibility for attending to the child's daily needs. Wife enrolled the child in a preschool program, maintained a stable, satisfactory environment for the child in the former marital residence, and provided the child with food, clothing, medical care, education and other necessary care. The testimony relative to Husband was that he had a stable home environment for the child in Wisconsin, that the child had a close relationship with Husband's extended family located there, and that Husband had the ability to enroll the child in school when the child comes of age.

Applying Tenn. Code Ann. § 36-6-401(a) to the facts of a given case is a fact intensive inquiry, which requires the court to weigh the evidence regarding the statutory factors as well as any other relevant factors; the weight given to each factor depends upon the unique circumstances of the case. *See White v. Moody,* 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004). The court's specific reference to Husband's failure to comply with child restraint laws was within the court's discretion to consider factors deemed relevant by the court. *See* Tenn. Code Ann. § 36-6-404(b)(16). Similarly, the court's finding that Wife interfered with Husband's parenting time was a factor to be considered and there is no evidence that the court did not consider that factor. *See* Tenn. Code Ann. § 36-6-404 (b)(3).

The court determined that evidence relative to the statutory factors weighed in favor of Wife and supported her being designated primary residential parent; upon our review of the record, the evidence does not preponderate against that designation. *See* Tenn. Code. Ann. § 36-6-404(b)(5), (6), and (11). The court did not abuse its discretion in designating Wife primary residential parent.

## II. THE MARITAL RESIDENCE

The real estate owned by the parties consisted of a house and a 6.03-acre tract of land on which the marital residence was located. Husband asserts that the trial court erred in valuing the parties' real estate at $235,000 and that the property should have been valued at $288,400.

The value of marital property is a question of fact to be determined by considering all relevant evidence regarding value. *Wallace v. Wallace,* 733 S.W.2d 102, 107 (Tenn. Ct. App. 1987). Where there are conflicting opinions regarding the value of a marital asset, the trial court may place a value on the asset that is within the range of the values presented by

the evidence. *Owens v. Owens*, 241 S.W.3d 478, 489 (Tenn. Ct. App. 2007). Thus, a trial court's decision with regard to the value of a marital asset will be given great weight on appeal. *Wallace,* 733 S.W.2d at 107.

The court based its valuation of the property on the testimony of Michael Goad, a certified real estate appraiser who testified on behalf of Wife. Mr. Goad testified that he examined the marital property one week and a half prior to the hearing and based his valuation on the highest and best use of the land, which he viewed as two separate parcels. Based on comparable properties in the neighborhood, as well as a visible inspection of both the interior and exterior of the home, he valued the real estate at $200,000 for the home and $35,000 for the acreage. Husband testified that the value of the parties' real estate, based on records from the office of the Comptroller of Tennessee, was $223,300 for the residence and $65,100 for the acreage, for a total value of $288,400.

The value placed on the property by the court was based on testimony of a certified real estate appraiser, in close proximity to the date of the division of property,[3] and was within the range of evidence presented by the parties. The evidence does not preponderate against the trial court's valuation.

The trial court awarded the marital residence to Wife with the instruction to "be responsible and hold harmless Husband," for debt associated with the property. Husband asserts that the court erred in this decision, and should have required Wife to refinance the property in her name alone.

In *Long v. McAllister-Long,* 221 S.W.3d 1 (Tenn. Ct. App. 2006), this court recognized that it "is not uncommon in divorce cases to turn over the ownership of a marital asset to one party while the parties remain jointly liable for the debt associated with the asset." *Id.* at 10. In such instance, the court noted:

> Courts and lawyers have devised several ways to address this problem. The court may order, or the parties may agree, that the person awarded the property will refinance it or obtain a new loan in his or her own name and then use the proceeds to pay off the existing joint debt. The court may also order, or the parties may agree, that the property will be owned jointly until a date certain when the property must either be financed or sold. Finally, the parties or the courts may include a "hold harmless" provision in the decree or marital dissolution agreement in which the parties are required to indemnify and hold

---

[3] The value placed on marital property should, as near as possible reflect the value of the property on the date that it is divided. Tenn. Code Ann. § 36-4-121(b)(1)(A).

each other harmless from any and all future obligations stemming from ownership of the property they receive.

*Id.*

The Income and Expense Statement introduced by Husband showed that he had a monthly income of $2,174.22 and expenses of $2,214.92; he testified that, because of his living arrangement at the time of trial, he was not paying rent, gas and water, totaling $437.50, resulting in monthly expenses of $1,777.42. He asserts in his brief that this evidence supports a finding that he "clearly has less of an ability to acquire capital assets and income in the future" and that, coupled with the effect on his credit of the two mortgages encumbering the marital residence, the court's failure to order Wife to refinance the indebtedness or to obtain a new loan in her name alone would "make it virtually impossible for him to obtain a mortgage in the future for any other home."

Tenn. Code Ann. § 36-4-121(c)(4) requires the court to consider "the relative ability of each party for future acquisitions of capital assets" in its division and distribution of marital property. We are concerned that failing to make any provision for Husband's release from the debt encumbering the marital residence may be contrary to § 36-4-121(c)(4). As a consequence, we remand the case for the court to determine a reasonable time for Wife to secure Husband's release from indebtedness and to amend the final decree accordingly. *See e.g. Long,* 221 S.W.3d at 10.

Finally, Husband contends that, by failing to value the property at $288,400, the court's division of equity in the marital residence was inequitable and that the court should have required Wife to pay Husband one half of the equity plus $12,500 for half of $25,000 used to fund Wife's recording project. We have previously affirmed the valuation of the marital residence; consequently, the arguments raised by Husband premised on the valuation of the property are moot.

<u>CONCLUSION</u>

For the foregoing reasons, the case is remanded for the trial court to determine a reasonable time for Wife to secure Husband's release on the indebtedness encumbering the marital residence and to amend the final decree in that regard. In all other respects the judgment is affirmed.

_____
RICHARD H. DINKINS, JUDGE

-6-