# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 17, 2010 Session

## ZULA GRAY v. JOE BEDNARZ, JR.

**Appeal from the Circuit Court for Sumner County**
**No. 29219-C      C. L. Rogers, Judge**

---

**No. M2010-00010-COA-R3-CV - Filed December 16, 2010**

---

Plaintiff appeals a jury's determination that she was 60 percent at fault for the injuries she sustained. We find there is material evidence to support the jury's verdict. Therefore, we affirm the judgment entered in accordance with the jury's findings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

David C. Risner, Kingston Springs, Tennessee, and Harry W. Miller, III, Chattanooga, Tennessee, for the appellant, Zula Gray.

Gail Vaughn Ashworth, Nashville, Tennessee, for the appellee, Joe Bednarz, Jr.

## OPINION

This action arose from a slip and fall that occurred in the backyard of the home of Joe Bednarz, Jr. and his wife Kim Gray Bednarz. The plaintiff, Zula Gray, is the mother of Kim Bednarz and the mother-in-law of Mr. Bednarz. Mr. Bednarz is the only defendant in this action.

On October 29, 2005, during one of her routine visits to the home of her daughter and son-in-law, Plaintiff tripped and fell while crossing a timber walkway that Mr. Bednarz had constructed two or three months earlier. As a result of the fall, Plaintiff tore her rotator cuff, which required surgery and extensive physical therapy and recovery. One year later, on October 27, 2006, Plaintiff filed this action against Mr. Bednarz ("Defendant") alleging that he negligently created the dangerous condition, the timber walkway, that he negligently failed to properly maintain the timber walkway, and that he negligently failed to warn her of

the dangerous condition. In his Answer, Defendant denied liability and contended that Plaintiff was barred from recovering her damages because she was negligent in assuming a known risk and voluntarily proceeding, and that her negligence was greater than Defendant's.

A jury trial was held on September 23, 2009. Plaintiff testified that while she was visiting with her daughter and grandson at Defendant's home, she decided to feed the dogs and to put water in their bowl that was located in the backyard. She stated she first walked to the dog pen to give them food, then she walked from the dog pen to where the water hydrant was located in the back yard. On her way to the water hydrant, Plaintiff chose a path that required her to walk across a timber walkway. Plaintiff admitted the grass had grown high over the timbers and that she could not see the edges of the timbers. She stated that she had walked across the timbers on previous visits, but had never noticed any of them to be loose or uneven. She admitted that there was another route she could have taken to the water hydrant; she could have walked up onto the deck and then down the steps to get to the hydrant.

Defendant testified that he had installed the timbers a few weeks or a few months before the accident[1] to prevent mud from washing down a sloped area onto the concrete area surrounding the pool. Admitting that he was not a skilled craftsman by any stretch of the imagination, he explained that he installed the timbers by digging into the ground and then placing approximately twelve timbers where he had dug. Defendant also testified that after Plaintiff's fall, he and his wife inspected the walkway and observed that one of the timbers was sticking up four to five inches above the ground; thus, it was not even with the others. He also stated that this was not the first time that one of the timbers had become dislodged; explaining that when mud washed down the hill, a timber would occasionally become dislodged and that he had to reposition some of the timbers. Defendant further admitted that he never informed Plaintiff that some of the timbers had become dislodged.

Kim Bednarz, Plaintiff's daughter and Defendant's wife, testified that she witnessed her mother's fall on the timber walkway. Mrs. Bednarz stated that her husband installed the walkway around August of 2005. After the fall, she and her husband inspected the walkway and discovered a timber sticking four to five inches above the ground.

Following deliberations, the jury found that Plaintiff was 60 percent at fault and Defendant was 40 percent at fault. The trial court entered an order in accordance with the jury's verdict on October 5, 2009. Plaintiff then moved for a new trial under Tenn. R. Civ. P. 59, arguing that the verdict was contrary to the weight of the evidence presented at trial, which the trial court denied. Plaintiff filed a timely appeal.

---

[1]He testified that it could have been as recent as three weeks or as long ago as four months.

ANALYSIS

Defendant raised the issue of comparative fault as an affirmative defense, pursuant to Tenn. R. Civ. P. 8.03, contending that Plaintiff was barred from recovering her damages because she was negligent in assuming a known risk and voluntarily proceeding, and that her negligence was greater than his. The jury agreed finding that Plaintiff was 60 percent at fault. Plaintiff contends that there was no material evidence to support the jury's finding that she was 60 percent at fault.

Findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict. *Foster v. Bue*, 749 S.W.2d 736, 741 (Tenn. 1988) (citing *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn.1984); T.R.A.P. 13(d)). When reviewing a judgment based upon a jury verdict, this court is not at liberty to weigh the evidence to decide where the preponderance lies, but is limited to determining whether there is material evidence to support the verdict. *In re Estate of Elam*, 738 S.W.2d 169, 171 (Tenn. 1987) (quoting *Electric Power Board v. St. Joseph Valley Struct.*, 691 S.W.2d 522, 526 (Tenn. 1985)). We are required to take the strongest legitimate view of all of the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. *Id*. (quoting *Electric Power Bd.*, 691 S.W.2d at 526). "Even if we would have reached conclusions different from those reached by the jury, if there is some material evidence to support the verdict, it must be affirmed." *Mason v. Tennessee Farmers Mut. Ins. Co.*, 640 S.W.2d 561, 564 (Tenn. Ct. App. 1982) (citing *Davis v. Wilson*, 522 S.W.2d 872, 875 (Tenn. Ct. App. 1974; *Chattanooga Gas Co. v. Underwood*, 270 S.W.2d 652, 655-656 (Tenn. Ct. App. 1954)).

When allocating the percentage of fault to each party, the jury may consider the following factors:

> (1) the relative closeness of the causal relationship between the conduct of the defendant and the injury to the plaintiff; (2) the reasonableness of the party's conduct in confronting a risk, such as whether the party knew of the risk, or should have known of it; (3) the extent to which the defendant failed to reasonably utilize an existing opportunity to avoid the injury to the plaintiff; (4) the existence of a sudden emergency requiring a hasty decision; (5) the significance of what the party was attempting to accomplish by the conduct, such as an attempt to save another's life; and (6) the party's particular capacities, such as age, maturity, training, education, and so forth.

*Cannon v. Loudon County*, 199 S.W.3d 239, 242 (Tenn. Ct. App. 2005) (quoting *Eaton v. McLain*, 891 S.W.2d 587, 592 (Tenn. 1994) (footnotes omitted)).

Defendant admitted that he installed the timber walkway, that some of the timbers failed to stay in place, and that he had repositioned timbers when they moved out of place. He also admitted he did not warn Plaintiff of the fact that the timbers may not be level. From this, it was reasonable for the jury to find Defendant negligent and, thus, at fault. Plaintiff admitted that the grass had grown high over the timbers so that she could not clearly see all of the timbers she intended to walk on. She also admitted that there was an alternate route she could have taken to the water hydrant. Based on these and other facts, the jury found Plaintiff was also at fault and apportioned 60 percent of the fault to Plaintiff and 40 percent of the fault to Defendant.

As stated above, we are not permitted to weigh the evidence. *In re Estate of Elam*, 738 S.W.2d at 171. Instead, we are required to take the strongest legitimate view of all of the evidence in favor of the jury's verdict and we are required to assume the truth of all that tends to support the jury's verdict. *Id*. Although we may have reached a conclusion different from that reached by the jury, we have determined the jury could have reasonably inferred that Plaintiff failed to exercise due care when stepping on the timbers and in choosing to walk where the timbers were obscured by grass, as opposed to taking an alternate route that posed no risks or less risk, and that she was more at fault than Defendant. Accordingly, based upon the evidence and the very deferential standard of review to which we must adhere, we affirm the jury's verdict as there is material evidence to support the verdict.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Zula Gray.

_____
FRANK G. CLEMENT, JR., JUDGE